UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05410-SPG-AGR | Date | October 11, 2024 |
|---|---|---|---|
| Title | DO KYEONG KIM v. BMW FINANCIAL SERVICES NA, LLC, et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 14]**

Before the Court is Plaintiff Do Kyeong Kim's ("Plaintiff") Motion to Remand to the Superior Court of California. (ECF No. 14-2 ("Motion")). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds this matter suitable for resolution without a hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

**I.    Background**

Plaintiff initiated this lawsuit on April 19, 2024, in California state court, alleging fraud, contract, and California consumer protection claims arising out of his lease of a 2022 BMW X5 against Defendant BMW Financial Services NA, LLC ("Defendant") and now-dismissed party McKenna Motors Torrance, Inc. (ECF No. 1-1 at 3–4, 16–38; ECF No. 1-5). On June 26, 2024, Defendant removed the action to this Court. (ECF No. 1). Plaintiff filed the instant Motion seeking to remand this action to state court on July 26, 2024. (Mot.). Defendant timely opposed, (ECF No. 20 ("Opposition")), and Plaintiff timely replied, (ECF No. 21 ("Reply")).

**II.   Legal Standard**

A civil action brought in state court may be removed by a defendant to the district court if, at the time of removal, the case is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Included in federal courts' limited original jurisdiction are civil actions arising between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Diversity jurisdiction must be complete between the parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989). For the purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05410-SPG-AGR | Date | October 11, 2024 |
| Title | DO KYEONG KIM v. BMW FINANCIAL SERVICES NA, LLC, et al. | | |

state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In contrast, a limited liability company or "LLC" "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The removing defendant bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Moreover, if it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (internal quotation marks and citations omitted).

### III.  Discussion

Here, Plaintiff does not dispute that Defendant has met its burden to establish diversity between the parties [1] and challenges only Defendant's showing as to the amount in controversy. (Mot. at 12). Plaintiff contends that his "realistic amount of recovery in this action for damages is $10,636.56" and that Plaintiff's planned dismissal of his fraud claim and request for punitive damages prevents Defendant from showing damages in excess of $75,000. (*Id.*). Defendant opposes. Defendant argues that, at the time of removal, Plaintiff's complaint "explicitly sought recovery of at least $128,259.55 in damages," readily meeting the amount in controversy threshold. (Opp. at 5 (emphasis omitted)). Because the time of removal is the relevant time frame for assessing removability, any post-removal amendments—successful or otherwise—are irrelevant to the Court's analysis. (*Id.* at 7–9).

"[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007 (citation omitted)). See also *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 998 (C.D. Cal. 2021). Put differently, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote

---

[1] The Court agrees that Defendant, which is a citizen of Delaware and New Jersey for purposes of determining diversity jurisdiction, has established complete diversity in this action brought by Plaintiff, a citizen of California. (Opp. at 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05410-SPG-AGR | Date | October 11, 2024 |
| Title | DO KYEONG KIM v. BMW FINANCIAL SERVICES NA, LLC, et al. | | |

omitted).

Here, the primary dispute between the parties is whether the Court should consider Plaintiff's claimed punitive damages in determining the amount claimed by Plaintiff based on the face of the Complaint; without these damages, Defendant cannot establish an adequate amount in controversy. When Plaintiff filed his Complaint, he also filed a Statement of Damages itemizing the $128,259.55 in total damages claimed in the Complaint. (ECF No. 1-1 at 74–75). The Statement of Damages alleges the following damages:

| Category of Damages | Amount Claimed |
|---|---|
| Actual Damages | $10,636.56 |
| Civil Penalties (two times Plaintiff's claimed actual damages) | $21,273.12 |
| Punitive Damages (nine times Plaintiff's claimed actual damages) | $95,729.04 |
| Attorneys' Fees (at an hourly rate of $750.00) | To Be Determined |
| Costs | $620.83 |

(*Id.* at 75).

Plaintiff contends that the claimed punitive damages are "highly speculative" and that Defendant cannot meet its burden by relying upon them. (Mot. at 15). Plaintiff urges the Court to follow the approach taken in *Petrosyan v. BMW Fin. Servs. NA, LLC*, No. 8:24-cv-01407-DOC-MAAX, 2024 WL 3220715, at *2 (C.D. Cal. June 28, 2024), and *Zhang v. BMW Fin. Servs. NA, LLC*, No. 8:24-cv-01412-DOC-SSCX, 2024 WL 3220710, at *1 (C.D. Cal. June 27, 2024), where the district court remanded two, similar cases on its own motion for lack of subject matter jurisdiction. In opposition, Defendant contends that *Petrosyan* and *Zhang* "are inconsistent with established Ninth Circuit authority and should not be given any weight." (Opp. at 14). Instead, Defendant asks the Court to simply consider the amount in controversy presumptively satisfied by the $128,259.55 lump sum claimed in the Complaint. (*Id.* at 9–10).

The Court has closely examined the Ninth Circuit authority cited in *Petrosyan* and *Zhang* and disagrees with Defendant's assertion that these decisions are inconsistent with governing caselaw. In *Chabner v. United of Omaha Life Insurance Company*, the Ninth Circuit made clear that district courts may but need not take into account treble damages, attorneys' fees, and punitive damages "when determining the amount in controversy." 225 F.3d 1042, 1046 n.3 (9th Cir. 2000). *See also Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (addressing punitive damages). This discretion is consistent with "[t]he strong presumption against removal jurisdiction" outside of Class Action Fairness Act matters. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks and citations omitted). *See also Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Based on the representations in Plaintiff's Statement of Damages, the Court concludes that, in this case, punitive damages provide only a "questionable ground" for federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05410-SPG-AGR | Date | October 11, 2024 |
| Title | DO KYEONG KIM v. BMW FINANCIAL SERVICES NA, LLC, et al. | | |

jurisdiction. *Chabner*, 225 F.3d at 1046 n.3. Here, based on the Statement of Damages, Plaintiff's actual damages amount to only $10,636.56. (ECF No. 1-1 at 75). Even if the Court were to consider Plaintiff's claimed civil penalties, the amount at issue would not constitute even half of the $75,000 threshold imposed by 28 U.S.C. § 1332(a). Defendant can only reach that threshold if the Court includes Plaintiff's punitive damages, but Plaintiff himself has indicated that his likelihood of prevailing on his fraud claim is slim and that he accordingly wishes to dismiss this cause of action from the lawsuit. (Mot. at 7).

The Court of course agrees with Defendant that "jurisdiction is determined at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017). The question here, however, is whether the Court should exercise its discretion to consider Plaintiff's claimed punitive damages, and Plaintiff began attempting to stipulate to the dismissal of his fraud claim *before* Defendant removed this action. (Reply at 5; ECF No. 21-1 at 2). Here, the Court abides by the rule that "any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

### IV.  Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. This action is REMANDED to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   pg